*B. W. Cumming* and *W. M. & James W. Piatt,* for plaintiff.
*Little & Sittser* for defendant.—*Legal Gazette.*

---

*Twenty-first Judicial District.*

# In the Court of Common Pleas of Schuylkill County.

## *In re* W. J. MATZ.

The Court of Common Pleas has no power in a summary way by rule to compel an ex-Prothonotary to pay money in his hands to his successor. (Aurentz *vs.* Porter, 12 Wright 335.

In the matter of the rule on William J. Matz, late Prothonotary of Schuylkill County, to show cause why all moneys in his hands received by him as Prothonotary, should not be paid to Hiram Moyer, his successor.

Opinion of the Court, delivered 6th January, 1873, by

WALKER, J. One of the rules of Court requires that all money paid into Court should be deposited in such bank as the Court shall direct by the Prothonotary to the credit of the Court of Common Pleas. (Rules of Court, sec. 60.) Whether this has been done in this case does not ap-

pear. The language of the rule on the late Prothonotary implies that some money is still in his hands. The amount is not stated.

As Mr. Matz is no longer Prothonotary, and was not when the rule was granted, the preliminary question to be settled is as to the power of the Court in this summary way by rule to compel an ex-Prothonotary to pay over moneys to his successor.

The case of Aurentz *vs.* Porter, 12 Wr. 335, determines this point.

It is there decided in a similar proceeding that a decree like the one asked for now could not be enforced by a common law execution nor by the statutory penalties for contempt.

If any money remains in the hands of Mr. Matz since his term of office has expired, the remedy of those *interested* in the fund is in a suit against him, or his bail, upon his refusal to pay them the amount due.

From the well known standing of Mr. Matz, his efficiency, integrity and promptness in the payment of all moneys in his hands during the entire term of his office, it would be unfair to him to suppose that the money held by him, if any, would not be punctually paid out to persons entitled to recover the same whenever requested.

*Rule discharged.*

Messrs. *Geer* and *Bartholomew* for Hiram Moyer ; Messrs. *Ellis* and *J W. Ryon* for Wm. J. Matz.

----

And now, January 6, 1873, the above rule came on to be heard, and was argued by counsel, and thereupon upon consideration thereof, it is ordered and adjudged that the said rule be discharged for the reasons set forth in the opinion of the Court this day, read and filed in the above matter.　　　　　　　　　　　THOS. H. WALKER,

　　　　　　　　　　　　　　　　　　　　　　　*Additional Judge.*

　　　　　　　　　　JACOB KLINE, *A. J.*
　　　　　　　　　　NICHOLAS SEITZINGER, *A. J.*

I concur in the above decision.

　　　　　　　CYRUS L. PERSHING,
　　　　　　　　　　*Prest. Judge.*